**Arthur B. MOREHEAD, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Appellee.**

**No. 26278.**

United States Court of Appeals
Fifth Circuit.

Jan. 3, 1969.

Marcel J. Meunier, Jr., New Orleans, La., for appellant.

P. A. Bienvenu, Ernest L. O'Bannon, Bienvenu & Culver, New Orleans, La., for appellee.

Before JOHN R. BROWN, Chief Judge, AINSWORTH, Circuit Judge, and FULTON, District Judge.

PER CURIAM:

In this Louisiana diversity action the suit against defendant insurance company was for the value of a frame dwelling destroyed in Hurricane "Betsy" in 1965 and insured by the company. The policy of insurance provides that the company "shall not be liable for loss caused by, resulting from, contributed to or aggravated by * * * flood, surface water, waves, tidal water or tidal wave, overflow of streams or other bodies of water * * *."

Plaintiff-appellant's contention in a trial to the District Court without a jury was that the dwelling was destroyed by wind, a peril covered under the policy, whereas the defense was that the loss was caused by flood, surface water, waves, tidal water or tidal wave, overflow of streams or other bodies of water. After a full hearing in which several "eye-witnesses" and expert witnesses testified, the Court found as a fact that the loss was occasioned by the house having floated from its piers and later having settled on the ground; that there was no evidence that the structure was damaged by wind; that the loss, therefore, was not due to one of the perils insured against.

We have carefully examined the record, including the Trial Judge's detailed findings of fact and conclusions of law, and we are unable to say that the choice which the Trial Court made, namely, that the evidence showed that the loss occurred because of water damage rather than directly as the result of wind damage, is incorrect. We should not set aside findings of fact unless clearly erroneous. Rule 52(a), Fed.R.Civ.P. Under the circumstances, the decision of the District Judge is

Affirmed.